## DEE TOLBERT V. THE STATE.

No. 11598.    Delivered May 2, 1928.

**Sale of Intoxicating Liquor—Continuance—For Impeaching Testimony— Properly Refused.**

Where, on a trial for the sale of intoxicating liquor, appellant requested a continuance on the ground that if given time he thought he could obtain reputable witnesses who would testify that the general reputation of the two state's prosecuting witnesses was bad and that they were unworthy characters and men of bad reputation for truth and veracity, there was no error in refusing the continuance. A continuance will rarely be granted to obtain impeaching testimony. See Butts v. State, 35 Tex. Crim. Rep. 364; Branch's P. C., Sec. 324.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for the appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense the unlawful sale of intoxicating liquor, penalty one year in the penitentiary.

The only question presented for view on this appeal is the refusal of the court to grant what appellant terms an "equitable motion" for a continuance.

The indictment alleges the sale of intoxicating liquor by appellant to one W. F. Wolverton. The evidence shows that witnesses, Wolverton and Bryant, both testified to the alleged sale and both were Federal prohibition agents. Wolverton lived at Madill, Oklahoma, and Bryant at Whitewright, Texas. The indictment was returned on January 5, 1927. It is alleged in the motion that appellant first learned of the residence of the witnesses on February 21, 1927. He was tried on February 23, 1927, and his motion for a new trial was heard and overruled March 21, 1927. The substance of the motion is if given time he thought he could obtain reputable witnesses at the homes of said witnesses who would swear that said Wolverton and Bryant are "unworthy characters and men of bad reputation for truth and veracity." To the motion for new trial is attached the affidavit of one Lee Dunn, the substance of which is that he was well acquainted with W. F. Wolverton; had known him for twenty-three years, and that the reputation of said Wolverton as to truth and veracity was bad. No other affidavit is appended to such motion.

Continuances will rarely be granted to obtain impeaching testimony. Butts v. State, 35 Tex. Crim. Rep. 364; Branch's P. C., Sec. 324. Dunn fails to make affidavit that he was acquainted with the general reputation of Wolverton in the community or communities in which he had resided and the appellant's showing was in that respect fatally defective. He does not show himself qualified to testify nor is it alleged in the motion that witnesses could be obtained who could qualify in this respect. Further, the record shows that appellant was aware some time before the trial of the fact that these witnesses were Federal prohibition officers, and we are of the opinion that no sufficient showing of diligence to obtain this testimony prior to the trial is made to appear in the record.

Believing the action of the court correct in overruling such motion and the evidence amply sufficient to sustain the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.